HENDRY, Chief Judge.
Defendants seek reversal of a final judgment entered on a jury verdict in the sum of $15,000.00 for the minor plaintiff, Janis Lee Willoughby, and $3,000.00 for her father in a personal injury action.
On appeal, defendants contend that the court erred in not granting a mistrial because of prejudicial remarks by plaintiffs’ counsel and in failing to grant a new trial when the jury returned a verdict that was excessive.
Defendants admitted liability and the cause was tried on'the issue of damages only. In opening statement, plaintiffs’ counsel made the following remark, “A woman named Catherine Knuck, who had spent three hours prior to this accident at the Quinella Bar.” At this point, an objection was made on the ground that any comment on circumstances prior to the accident was improper. Plaintiffs’ counsel argued that the time the defendant spent at the bar immediately prior to the accident would bear on her ability to testify as to the speed she was traveling and the force of impact which is relevant to the question of damages. See Annotation, 80 A.L.R.2d 1224, 1228. Defendants’ counsel then moved for a mistrial on the ground that the statement was clearly improper and prejudicial. The lower court sustained the objection and directed plaintiffs’ counsel not to refer to it any further in opening statement. The court also took under advisement the question of its relevancy and indicated that at most it may go to the credibility of the witness. Motion for mistrial was denied.
Following the verdict, a motion for new trial was denied. In denying the motion the trial judge stated:
“The court feels that the remark possibly was improper and so ruled at the time and cut the plaintiff’s attorney off from further pursuing that subject.” * *
“Other than a possible subtle interpretation, there is actually nothing got in as to her having anything to drink; and the court feels it was cut off properly and there was sufficient evidence in the case to sustain the size of the verdict.”
It has not been shown that the trial judge abused his discretion in denying the motion for new trial. McDaniel v. Carlson, Fla. App.1966, 182 So.2d 445. As it is not clearly apparent from a review of the entire record in a light most favorable to plaintiffs that the verdict is contrary to the evidence or that the jury was influenced by passion or prejudice, the judgment appealed is affirmed. Morin v. Halpern, Fla.App.1962, 139 So.2d 495.
Affirmed.